UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. OGORSOLKA and LISA K. OGORSOLKA, | ) ) CASE NO. C14-0078RSM ) |
| Plaintiffs, | ) ) |
| v. | ) ORDER GRANTING DEFENDANT'S ) MOTION TO DISMISS ) |
| RESIDENTIAL CREDIT SOLUTIONS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## I. INTRODUCTION

This matter comes before the Court on Defendant Bank of America's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim (Dkt. #31). Defendant argues that Plaintiffs' First Amended Complaint should be dismissed because it fails to remedy deficiencies in their previously-dismissed Complaint, and continues to fail to allege facts sufficient to support any of the alleged causes of action against it. Plaintiffs respond that their newly-alleged facts support their claims, that they have adequately remedied previously-identified deficiencies, and that they have demonstrated plausible claims on the face of their Amended Complaint. For the reasons set forth below, the Court disagrees with Plaintiffs and GRANTS Defendant's motion to dismiss.

ORDER
PAGE - 1

## II.  BACKGROUND

The relevant background to this case has been previously set forth by the Court, and is incorporated by reference herein. *See* Dkt. #28. The Court previously dismissed Plaintiffs' Complaint for their failure to state claims upon which relief could be granted. *Id.* However, the Court allowed Plaintiffs leave to amend their Complaint, which they did, by way of filing a First Amended Compliant on July 9, 2014. Dkt. #30. Against Defendant Bank of America, Plaintiffs allege violations of Washington's Consumer Protection Act ("CPA") and the Deed of Trust Act ("DTA"), allegations of fraud and misrepresentation, and breach of contract. Dkt. #30 at ¶ ¶ 70-108. Defendant Bank of American now moves to dismiss all of the allegations against it.

## III.  DISCUSSION

### A.  Standard of Review

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of and considers herein the documents set forth in Defendants' Request for Judicial Notice. *See* Dkt. #9. The Court agrees that judicial notice is appropriate because the documents presented are all matters of public record, having been filed in the King County Recorder's Office. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B. Documents for Judicial Notice**

Defendant asks the Court to consider two publicly available documents that were not attached to, but were relied upon in, the First Amended Complaint. The documents include a copy of the Deed of Trust recorded on January 10, 2007 (Dkt. #32, Ex. A), and a copy of the Assignment of the Deed Trust recorded on December 14, 2011 (Dkt. #32, Ex. B). On a Rule 12(b)(6) motion, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted). The documents presented fit this category and may be properly considered by the Court.

**C. Plaintiffs' First Amended Complaint**

A review of Plaintiffs' First Amended Complaint reveals that Plaintiffs add little new factual support for their legal contentions. By the Court's count, Plaintiffs' new facts are set forth at ¶ ¶ 8-9, 14-23, 31-33, 38-40, and 43-45. These paragraphs primarily add additional information regarding the Plaintiffs' reasons for securing the loan at issue and the identity of their initial lender (¶ ¶ 8-9), who serviced the loan and to whom Plaintiffs believed they were

making payments to, whether the entities still exist and Plaintiffs' belief that Countrywide Financial (a non-party) was corrupt (¶ ¶ 14-20), Plaintiffs' financial situation and prior dealings with North Country Bank (also a non-party) (¶ ¶ 21-23), Plaintiffs' suspicions that there had been "nefarious activity" with respect to their home loan and the alleged damages resulting from that activity (¶ ¶ 31-33 and 38-40), and Plaintiffs' belief that others have successfully litigated against companies using "robo-signers" (¶ ¶ 43-45). Taking these new "facts" as true, the Court finds that Plaintiffs fail to remedy the deficiencies previously set forth in its Order dismissing Plaintiffs' initial Complaint. *See* Dkt. #28.

As the Court previously noted, Plaintiffs' claims rest on three overarching and well-worn theories: (1) that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was an ineligible beneficiary under the Deed of Trust, which rendered the Note and Deed of Trust void; (2) the Note was deprived of its status as a negotiable instrument once it was securitized, which again rendered the Note and Deed of Trust void; and (3) the Defendant banks were required to negotiate in good faith to provide Plaintiffs with a loan modification. Further, the Court previously found that, as alleged, no theory was sufficient to state cognizable claims against Bank of American. Dkt. #28. The new facts alleged by Plaintiffs do not remedy their prior failure.

With respect to their securitization theory, Plaintiffs continue to rely on the same legal arguments previously considered by the Court. The Court rejected such arguments and continues to do so. *See* Dkt. #28. In addition, the Court previously noted that Plaintiffs do not allege they were investors in a trust or a party to any purchase sale agreement, and, as third party borrowers, they lack standing to enforce any terms of the pooling and services agreement. That remains true with the First Amended Complaint. Thus, to the extent Plaintiffs allege that

ORDER
PAGE - 4

Bank of America is liable under any asserted claim on the basis that securitization rendered the Note void, such allegations fail to state a claim as a matter of law.

Likewise, Plaintiffs fail to allege a claim under the CPA.  To state a claim for violation of the CPA, a plaintiff must allege (1) an unfair or deceptive trade practice; (2) that occurs in trade or commerce; (3) that has an impact on the public interest; (4) that causes the plaintiff injury to her business or property; and (5) there is a causal link between the unfair or deceptive act and the injury suffered.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986).  Plaintiffs' allegations under the CPA remain the same, and their newly-alleged facts do not change the Court's previous conclusion that the MERS issue is not implicated because the fact that MERS assigned its "interest" does nothing to inform whether co-Defendant Bank of New York Mellon was the holder of Plaintiffs' Note and a lawful beneficiary under the DTA.  *See Lynott v. Mortg. Elec. Registration System,* No. 12-cv-5572-RBL, 2012 WL 5995053, *2 (W.D. Wash. Nov. 30, 2012) (explaining that "possession of the note makes U.S. Bank the beneficiary; the assignment [of the deed of trust] merely publicly records that fact").  Further,  Plaintiffs' allegations concerning MERS' temporary status as an invalid beneficiary on the Deed of Trust do not demonstrate that MERS' presence in the chain of assignments was causally related in any way to their uncontested loan default.  As the Court has previously noted, assignments of a deed of trust serve only "to put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property."  *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1109 (W.D. Wash. 2011) (citing RCW 65.08.070).

Further, Plaintiffs now appear to contend not that the failure of Bank of America to give them a loan modification constituted a violation of the CPA, but that once the Bank engaged in

ORDER
PAGE - 5

considering their application, they were required to act in good faith and failed to do so. Dkt. #34 at 7. However, their arguments in support of this allegation center around MERS and its status as a beneficiary, which argument the Court has already rejected. As a result, the Court finds that the allegations are insufficient to demonstrate a factually-supported right to relief under the CPA.

With respect to their claims under the DTA, Plaintiffs essentially repeat their prior arguments, which the Court has also already rejected. *See* Dkts. #28 and #34. Plaintiffs add nothing to the First Amended Complaint or their current argument that change the Court's prior analysis. *See* Dkt. #28. Accordingly, the DTA claim must be dismissed.

Finally, with respect to Plaintiffs' fraud and breach of contract claims, they offer nothing new for the Court's consideration. In fact, they specifically rely on their response to the prior motions to dismiss. Dkt. #34 at 15-16. The Court previously rejected Plaintiffs' arguments, and is not persuaded that it should do anything different with respect to these claims on the instant motion. *See* Dkt. #28. For all of these reasons, the Court finds that Plaintiffs have failed to adequately plead facts demonstrating any plausible claim for relief against Defendant Bank of America.

**D.  Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990))). Here, the Court concludes that granting a second

ORDER
PAGE - 6

leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's First Amended Complaint, particularly given the opportunity the Court already provided to remedy prior deficiencies and Plaintiffs' efforts in response thereto.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant Bank of America's Motion to Dismiss (Dkt. #31) is GRANTED and all claims against Defendant Bank of America are DISMISSED with prejudice.

DATED this 17th day of October 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE